|  |  |
|---|---|
| DAVID HANN, | 1:18-cv-10223-NLH-JS |
| Plaintiff, | **OPINION** |
| v. | |
| THE HOME DEPOT, | |
| Defendant. | |

**APPEARANCES:**

LOUIS M. BARBONE
TIMOTHY CHRISTOPHER ALEXANDER
JACOBS & BARBONE, ESQS.
1125 PACIFIC AVENUE
ATLANTIC CITY, NJ 08401

> *On behalf of Plaintiff*

CLARA H. RHO
PATRICK G. BRADY
EPSTEIN BECKER & GREEN, P.C.
ONE GATEWAY CENTER
NEWARK, NJ 07102-5003

> *On behalf of Defendant*

**HILLMAN, District Judge**

Pending before the Court is the motion of Plaintiff, David Hann, to remand his case to New Jersey Superior Court Law Division, Atlantic County. Plaintiff claims that Defendant, Home Depot U.S.A., Inc., violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., when it terminated his nine-year employment with Home Depot despite Plaintiff reporting

for over a year that he had been subject to a hostile work environment.

Home Depot removed Plaintiff's case to this Court pursuant to 28 U.S.C. § 1441(a), averring subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that a district court has original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the dispute is between citizens of different states. As for the parties' citizenship, Home Depot's notice of removal averred that it is diverse from Plaintiff because Plaintiff is a citizen of New Jersey, and Home Depot is a citizen of Delaware (its state of incorporation) and Georgia (its principal place of business). See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). For the amount in controversy requirement, Home Depot's notice of removal averred that even though Plaintiff's complaint did not demand a specific amount of damages, the allegations in Plaintiff's complaint established that the amount in controversy exceeded $75,000.

Plaintiff seeks to remand his case on two bases. First, Plaintiff argues that Home Depot has not established the

2

location of its principal place of business so that it can satisfy the diversity of citizenship requirement. Second, Plaintiff argues that Home Depot has not established the $75,000 amount in controversy requirement. Home Depot refutes both of Plaintiff's arguments.

### 1. Home Depot's citizenship

Jurisdiction under § 1332(a)(1) requires complete diversity of the parties - no plaintiff can be a citizen of the same state as any of the defendants. McCollum v. State Farm Ins. Co., 376 F. App'x 217, 219 (3d Cir. 2010) (citing Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Management, Inc., 316 F.3d 408, 410 (3d Cir. 2003) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990)). For diversity purposes, citizenship of the parties is determined as of the time the complaint was filed. Grand Union, 316 F.3d at 410 (citations omitted).

As noted above, a corporation is deemed a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." McCollum, 376 F. App'x at 2019 (citing 28 U.S.C. § 1332(c)). Although a company may conduct business in multiple places, the "principal place of business" is its "nerve center," which is "the place where a corporation's officers direct, control, and coordinate the

corporation's activities." Id. (citing Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship)).

"It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel–Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004)).

Plaintiff argues that Home Depot has not met its burden in its notice of removal because it avers, without any evidence, that its principal place of business is Georgia. Plaintiff contends that there are thousands of Home Depot stores across the country, and there are 67 in New Jersey alone. Plaintiff therefore argues that the Court must remand his case for lack of diversity of citizenship.

In response, Home Depot has filed a declaration by Liselle Bartholomew, a Legal Specialist in Home Depot's employment law department. (Docket No. 12-1.) Bartholomew's certification relates that Home Depot's headquarters and executive offices are located at 2455 Paces Ferry Road, Atlanta, Georgia 30339. (Id.) It also relates that all major business decisions and Home Depot's annual shareholder meeting occur at the Atlanta, Georgia

location.  (Id.)  The declaration also states that in addition

to the 67 stores in New Jersey, there are 90 in Georgia, 153 in

Florida, 232 in California, 76 in Illinois, 70 in Michigan, 100

in New York, 70 in Ohio, 70 in Pennsylvania, and 79 in Texas.

(Id.)

Plaintiff has not presented any evidence, other than his

own supposition, to refute that Georgia is the location of Home

Depot's nerve center.  Moreover, Plaintiff does not actually

contend that New Jersey is Home Depot's principal place of

business render the parties non-diverse.  Plaintiff merely

points out that New Jersey has 67 of Home Depot's 2,284 retail

locations.  Thus, the Court finds that Home Depot has properly

established that its principal place of business is in Georgia,

and accordingly that its citizenship is diverse from

Plaintiff's.  See, e.g., Hertz Corp, 559 U.S. at 81 ("[T]he

'nerve center' will typically be found at a corporation's

headquarters."); McCollum, 376 F. App'x at 219-20 ("State Farm

averred by sworn affidavit that it is incorporated in Illinois,

and has its principal place of business in Illinois.  Although

State Farm concedes that it does business in Delaware, there is

no indication that Delaware is where State Farm conducts its

corporate affairs.  Brooks-McCollum has submitted no evidence to

the contrary.  The District Court is permitted to rely on State

Farm's affidavit, and we find no clear error in the District Court's fact-finding.  Because Brooks-McCollum was a citizen of Delaware at the time the complaint was filed, and State Farm was a citizen of Illinois, the District Court correctly concluded that the parties are diverse as to citizenship." (citing Murray v. Commercial Union Ins. Co., 782 F.2d 432, 434 (3d Cir. 1986) (establishing corporate citizenship via affidavit)); Frederico v. Home Depot, 2006 WL 624901, at *1 (D.N.J. 2006), aff'd 507 F.3d 188 (3d Cir. 2007) ("Jurisdiction is premised on 28 U.S.C. § 1332(d). Plaintiff is a resident of New Jersey.  Defendant [Home Depot] is a Delaware corporation which maintains its headquarters in Atlanta, Georgia."); Delehanty v. KLI, Inc., 2008 WL 11449308, at *2-3 (E.D.N.Y. 2008) (rejecting the plaintiff's argument that Home Depot's principal place of business was New York, finding "it is clear that Home Depot conducts its business policy and makes management decisions in Georgia. . . .  Plaintiffs' sole evidence is a printout of an internet search showing that Home Depot operates approximately 140 retail stores in the State of New York.  Based on this evidence, and without citing any supporting case law, Plaintiffs argue that it is preposterous for Home Depot to claim that it does not have a principal place of business in New York," but it was clear that Home Depot's day-to-day corporate activity and

management occur in Georgia, and the fact that Home Depot operates numerous retail stores in New York does not affect that finding); Demaria v. Home Depot, U.S.A., Inc., 2007 WL 9701101, at *1 (S.D. Fla. 2007) ("I also do not agree with Plaintiffs that Home Depot's principal place of business is in Florida, instead of Georgia where Home Depot asserts it is.  Home Depot is a large corporation with retail locations throughout North America.  The presence of such retail locations in a certain state does not demonstrate its principal place of business is there.  Home Depot's position that its principal place of business is in Georgia is not a new one. Plaintiffs provide no facts to rebut this position, nothing which indicates Florida, rather than Georgia is the principal place of business for Home Depot.  Therefore, I will not grant Plaintiffs' Motion [to remand] on the basis of incomplete diversity.").

### 2.  Amount in Controversy

When a plaintiff has challenged the removal of his complaint based on the amount in controversy requirement, a federal court determines the amount in controversy by starting with the complaint itself.  See Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.");  Frederico, 507 F.3d at 194 ("In removal cases, determining the

7

amount in controversy begins with a reading of the complaint filed in state court.").

If a plaintiff has not specifically averred that the amount in controversy is less than the jurisdictional minimum, the test espoused by Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392 (3d Cir. 2004) applies to the review of the complaint. Frederico, 507 F.3d at 196. Under Samuel-Bassett, the challenger to subject matter jurisdiction has to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold. Id. In contrast, where the complaint specifically avers that the amount sought is less than the jurisdictional minimum, the standard set forth by Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006) applies. Under Morgan, a defendant seeking removal must prove to a legal certainty that the plaintiff can recover the jurisdictional amount. Id. at 196-97.

Here, Plaintiff's complaint does not specify a particular amount of damages, so to prevail on his motion to remand, Plaintiff must show to a legal certainty that he cannot recover damages in excess of $75,000, or that he was never entitled to recover that amount. Id. The Court finds that Plaintiff has not done so.

In its notice of removal, Home Depot set forth the basis

for its contention that the amount in controversy exceeds
$75,000:

> b. Plaintiff asserts that he was subjected to hostile
> work environment sexual harassment in violation of the
> NJLAD. He alleges that as a direct result of Home
> Depot's conduct, he has suffered "substantial and
> severe damages, including, but not limited to,
> emotional distress, anxiety, dignity violation,
> physical pain and suffering, as well as the necessity
> of Plaintiff to seek emergency medical treatment, and
> has caused other damages to the Plaintiff." (Complaint
> ¶ 24). Based on allegations of sexual harassment
> discrimination, Plaintiff demands an unspecified
> amount of damages arising from his employment with
> Home Depot. Plaintiff specifically prays, predicated
> on the above allegations, for judgment against
> Defendant for compensatory damages, consequential
> damages, punitive damages, attorneys' fees, interest
> and such other relief as the Court deems appropriate.
> (Complaint, ¶ 24 and Wherefore Clause.).
>
> c. Plaintiff seeks noneconomic losses for emotional pain,
> suffering, anxiety, and dignity violation. (Complaint
> ¶ 24). The Supreme Court of New Jersey has held that
> damages for emotional distress in a discrimination
> case falls within a wide spectrum of acceptable
> outcomes, and will not be reduced unless the award is
> "so patently excessive, so pervaded by a sense of
> wrongness, that it shocks the judicial conscience."
> *Cuevas v. Wentworth Group*, 226 N.J. 480 (2016)
> (affirming emotional distress damages award to two
> plaintiffs of $800,000 and $600,000, respectively).
>
> d. Under the NJLAD, if successful, Plaintiff also would
> be entitled to punitive damages. Punitive damages are
> included when calculating the amount in controversy
> required for diversity jurisdiction. *Packard v.
> Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir.
> 1993) ("When both actual and punitive damages are
> recoverable, punitive damages are properly considered
> in determining whether the jurisdictional amount has
> been satisfied."); *Hoffman v. Pharmacare US Inc.*, No.
> 17-3540 (CCC), 2017 U.S. Dist. LEXIS 213227, at *8
> (D.N.J. Dec. 14, 2017) ("For the purposes of

> calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law."). Given the nature of his claims and the damages he seeks, it appears with a reasonable degree of certainty that Plaintiff's claims exceed the value of $75,000.00.

(Docket No. 1 at 5-6.)

Plaintiff argues that Home Depot's "suspicion that plaintiff's claims may be worth more than the jurisdictional amount falls far short of establishing by a preponderance of evidence that removal was appropriate. Any number of reasons may account for plaintiffs declining to claim an amount in excess of $75,000.00. For instance, in this case, the plaintiff does not yet know the value of his claim, he has not undergone anticipated medical examinations, etc." (Docket No. 10-1 at 8.)

Plaintiff's argument is unavailing for two reasons. First, under Samuel-Bassett it is Plaintiff's burden as the challenger to subject matter jurisdiction, and not Home Depot's burden, to show that his claims do not exceed $75,000. Second, Plaintiff has not refuted that his damages averred in his complaint, along with the requested punitive damages and attorney's fees, cannot amount to over $75,000. Indeed, Plaintiff admits that he does not know the value of his case. Plaintiff cannot have it both ways and argue that his damages may be less than $75,000 while at the same time preserve his right to pursue damages for more

than $75,000.[1]

Home Depot's notice of removal articulates why the amount in controversy based on the allegations in Plaintiff's complaint exceeds $75,000. Home Depot avers that Plaintiff's alleged damages for his NJLAD claims include compensatory damages for economic loss and severe emotional noneconomic loss, in addition to punitive damages and attorney's fees. In cases with NJLAD claims alleging similar damages, courts have determined that such allegations readily establish the jurisdictional threshold. See Rodriguez v. Burlington County Corrections Dept., 2015 WL 790521, at *2 (D.N.J. 2015) (finding that the plaintiff's unquantified damages under the NJLAD for compensatory and punitive damages and for attorney's fees easily met the jurisdictional threshold, and plaintiff could not refute to a legal certainty the amount of his claimed damages) (discussing Uddin v. Sears, Roebuck & Co., 2014 WL 316988, at *4 (D.N.J.

---

[1] The Court notes that even if Plaintiff filed a post-removal stipulation that his damages do not exceed $75,000, such a stipulation would not, by itself, provide a basis to remand. Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292–93 (1938)) ("The Supreme Court announced long ago that 'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [ ] does not deprive the district court of jurisdiction,'" and "'events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'").

2014) (same) and Frederico, 507 F.3d at 199 (explaining that under New Jersey law, punitive damages can total up to five times the amount of compensatory damages, and attorney's fees can be estimated to be as high as 30% of the final judgment).

To reiterate, when the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, it is the plaintiff's burden to show to a legal certainty that he cannot recover the jurisdictional amount. Frederico, 507 F.3d 188 at 196-97. Here, where Plaintiff fails to even argue that his damages are less than $75,000, Plaintiff does not come close to showing to a legal certainty that he cannot recover more than $75,000.

As this Court has previously noted, this is a court of limited jurisdiction, and it must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute. Farren, 2018 WL 372168, at *3; see also Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). It is equally true, however, that this Court has an unflagging obligation to maintain its jurisdiction, once

12

conferred.  _Id._; _see also_ _Ryan v. Johnson_, 115 F.3d 193, 195 (3d

Cir. 1997) (citing _Colorado River Water Conservation District v._

_United States_, 424 U.S. 800, 817 (1976)) ("It is axiomatic that

federal courts have a 'virtually unflagging obligation . . . to

exercise the jurisdiction given them' by Congress," which

"precept can be traced at least as far back as _Cohens v._

_Virginia_, 19 U.S. (6 Wheat.) 264, 404 (1821).").  Because

Plaintiff has not refuted that the parties' citizenship is

diverse and the amount in controversy is in excess of $75,000,

Plaintiffs' motion to remand must be denied.

An appropriate Order will be entered.


Date: February 7, 2019              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.